# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 01-4965

HARRY ANTHONY SPAIN,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-00-306)

Submitted: May 28, 2002

Decided: June 18, 2002

Before WILKINS and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

William R. Eleazer, ELEAZER LAW FIRM, Chapin, South Carolina,
for Appellant. Marshall Prince, OFFICE OF THE UNITED STATES
ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Harry Anthony Spain appeals his conviction and 100-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C.A. §§ 924(a)(2), (e) (West 2000). Spain noted a timely appeal and his counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal. Spain was informed of his right to file a pro se supplemental brief but has not done so.

Spain contends the district court erred in denying his motion for a mistrial after a Government witness testified concerning Spain's oral confession. The Government had not given Spain notice of the confession pursuant to Fed. R. Crim. P. 16. We review for abuse of discretion. *United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997). We find no such abuse of discretion. Because Spain's own counsel elicited the information about Spain's admissions on cross-examination, it does not appear that the notice requirement was violated. Even if we assume a violation of the rule, in order for a court's denial of a motion for a mistrial to amount to abuse of discretion, the defendant must show prejudice. *United States v. West*, 877 F.2d 281, 287-88 (4th Cir. 1985). In light of the overwhelming evidence against Spain, we conclude he was not prejudiced. Accordingly, Spain's claim that the district court should have granted a mistrial is without merit.

Spain also contends the district court improperly applied a four-level enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2000). The government must prove by a preponderance of the evidence facts that establish that the defendant used a firearm and that such use was in connection with another felony offense. We review the district court's findings of fact for clear error. *United States v. Garnett*, 243 F.3d 824, 828 (4th Cir. 2001); *see also United States v. Nale*, 101 F.3d 1000, 1004 & n.3 (4th Cir. 1996). We find the district court did not clearly err. *See* USSG § 2K2.1, comment. (n.7).*

---

*The state of South Carolina charged Spain with Criminal Domestic Violence of a High and Aggravated Nature and Pointing and Presenting

In accordance with *Anders*, we have reviewed the record and find no meritorious issues. Accordingly, we affirm Spain's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

a Firearm. The offense of Pointing or Presenting a Firearm is a felony punishable by five years' imprisonment. *See* S.C. Code Ann. § 16-23-410 (Law. Co-op. Supp. 2001). Under the guidelines, the enhancement is applicable even though the state charges were ultimately withdrawn.